HORACE INGERSOLL

v.

JOHN S. STIGER et al.

An answer under oath, seeking affirmatively to assert a right, the enforcement of which is insisted upon as a condition precedent or concurrent with the relief asked for by the complainant, alleging, in support thereof, facts not responsive to the bill, must be established by evidence.

On final hearing on bill, answer, replication and cross-bill, and proofs in open court.

*Mr. R. J. Wortendyke*, for the complainant.

*Mr. R. L. Lawrence*, for John S. Stiger.

GREEN, V. C.

This suit is brought to foreclose a mortgage on lands in the township of Lebanon, in the county of Hunterdon, given to secure the payment of a bond given by defendant Stiger to the complainant, dated February 15th, 1888, to secure the payment of $600 on or before the 15th day of February, 1889.

The defendant answers, admitting the material allegations of the bill, and, by way of cross-bill, sets up, substantially, that the said mortgage, and another one of $700, were given in the place of one of $1,200 on other property owned by the complainant, and then under foreclosure, which was to be surrendered to defendant and canceled; that it was not to be immediately returned in consequence of a judgment being then in force against the defendant, but was to be held until such judgment was satisfied; that said judgment has been paid and satisfied of record; and defendant prays that complainant be compelled to deliver said mortgage for $1,200 to defendant to be canceled. There is a replication filed.

The whole amount of the bond for which the mortgage of $600 was given, with interest from February 15th, 1888, is due,. and complainant is entitled to a decree of foreclosure and sale.

It appeared, from the evidence, that the mortgage for $1,200 was foreclosed, and that the property was advertised for sale; that the defendant did not wish the property sold, and proposed to give the complainant mortgages on other property owned by him at Glen Gardner; that a Mr. Bliss, a real estate agent, was selected to visit that place, and make a valuation of the property, of which the defendant gave him a description; that Mr. Bliss did go, and on his return reported two pieces of property as good security for $700 and $600, respectively, and that thereupon mortgages for those amounts, on the property indicated, were given by the defendant to the complainant, who paid the sheriff his fees, and further proceedings under the foreclosure were stopped.

At that time there was due on the decree for foreclosure, sheriff's fees and other expenses, $1,471.48. The defendant, in a letter dated April 30th, 1888, to the complainant, speaks of $1,500 as the amount agreed upon, from the context evidently referring to the agreement between them as to the amount due on the decree. There is practically no dispute between the parties as to the facts as above stated.

The defendant, in his testimony, is explicit in his statement, that the two mortgages were given in the place of the $1,200 mortgage, and that there was to be no additional security. He states that the property covered by the $1,200 mortgage would not bring that amount at sheriff's sale, and that he was not prepared at the time with ready money to protect it in case of sale. He claims that the two mortgages were to be given as security for the face of the $1,200 mortgage and interest, and that the balance of the amount for which he stood liable, was to be the subject-matter of subsequent adjustment.

The bill calls for answer under oath, and the defendant has verified his answer, to which the complainant has filed a replication. So far as responsive to the allegations of the bill it would be evidence, requiring superior testimony to overcome it on con-

troverted points, but it is responsive only upon the undisputed allegation of the execution and delivery of the mortgage in suit. In seeking affirmatively to assert a right, the enforcement of which is insisted upon as a condition precedent or concurrent with the relief asked for by the complainant, it alleges a distinct fact in no wise responsive to the bill, and which must be established by evidence. *Rober* v. *Burgess, 5 C. E. Gr. 139; Fey* v. *Fey, 12 C. E. Gr. 213; Brown* v. *Kahnweiler, 1 Stew. Eq. 311.*

The burden of proving that the mortgage in suit was to take the place in part of other security, is on the defendant. He produces no evidence except his own testimony. On the other hand, the complainant testifies, positively, that the two mortgages were given as additional security to the $1,200 mortgage, for the amount which defendant owed him, and that there was no agreement that he would surrender the $1,200 mortgage on receiving the two other mortgages. He shows that the defendant was owing him, at the time of the transaction, more than the aggregate amount of the two mortgages, and that he was called on afterwards to advance money to pay the sheriff's fees. In his statement of the agreement he is corroborated by Mr. Bliss, who says he derived his information of its terms from both parties. The preponderance of evidence upon the point is in favor of the complainant, and the cross-bill must be dismissed, with costs.